UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DOUGLAS LELAND MAURICE CROSBY,<br><br>Defendant. | Case No. 3:20-cr-00019-MMD-CLB<br><br>ORDER |

Before the Court is Defendant Douglas Leland Maurice Crosby's motion for competency evaluation under 18 U.S.C. § 4241, filed *ex parte* and under seal ("Motion").[1] (ECF No. 34.) The Court finds, based upon the representations in the Motion, reasonable cause exists to believe Defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him, or assist properly in his defense. The Court thus grants the Motion (ECF No. 34) and orders a competency evaluation under 18 U.S.C. § 4241(a). Specifically, the Court orders as follows:

1.  In accordance with Title 18, United States Code, Sections 4241 and 4247, and Rule 12.2(c) of the Federal Rules of Criminal Procedure, the United States Marshals Service shall forthwith transport Defendant Douglas Leland Maurice Crosby to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the Court, for psychiatric or psychological evaluation to determine whether Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences

---

[1] The Court will permit the Motion to remain sealed because it contains confidential and sensitive attorney-client communications.

of the proceeding against him, or to assist properly in his defense.

2. Defendant shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court upon a showing good cause by the Director of the said facility or pursuant to other appropriate motion for a period of up to 30 additional days. *See* 18 U.S.C. § 4247(b).

3. The examination shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. *See* 18 U.S.C. § 4247(b).

4. Within 45 days from the date of entry of this Order, or such additional period as may be ordered by the Court, the Director of the said facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report as described in 18 U.S.C. § 4247 (b), (c), and (e), the examiners' opinion as to whether Defendant is suffering from a mental disease or defect rendering Defendant mentally incompetent to the extent that Defendant is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. The report must be submitted to the Clerk of the United States District Court for the District of Nevada, to the United States Attorney's Office for the District of Nevada, 100 West Liberty Street, Suite 600, Reno, Nevada 89501, and to the Federal Public Defender, ATTN: Kate Berry, 201 West Liberty Street, Suite 102, Reno, Nevada 89501.

5. Upon completion of and submission of said report with the Court, Defendant must be returned to the Court for a hearing pursuant to the provisions of law.

The Court finds that the period of time required by the above-described competency evaluation of Defendant, and the Court's determination of Defendant's competency to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

DATED THIS 3rd Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE